MARGARET MEDLEY et al., Respondents, v.
CHARLES R. BERRY et al., Appellants.

Kansas City Court of Appeals, May 9, 1910.

1. **EMINENT DOMAIN: Damages.** Where defendants seek to lay
a railway track in an alley, as authorized by a city ordinance,
which damages abutting property, injunction will not lie to pre-
vent it until the damages are ascertained and paid.

2. ———: **Remedy at Law.** If property was being taken, injunc-
tion would lie until damages were paid; but where property is
merely injured, the remedy is by an action at law for damages.

Appeal · from Buchanan Circuit Court.—*Hon. C. A.
Mosman,* Judge.

· REVERSED.

*Culver, Phillip & Spencer* for appellants.

The decree is erroneous in that it prohibits the
construction of this track until the damages plaintiffs
may sustain by reason of the operation of the track are
assessed and paid. Railway v. Railway, 97 Mo. 457;
Railway v. Railway, 118 Mo. 599; Bldg. Ass'n v. Tele-
phone Co., 88 Mo. 258; De Goefroy v. Railroad, 179
Mo. 720; Sherlock v. Railway, 142 Mo. 172.

*Kendall B. Randolph* for respondent.

ELLISON; J.—The city council of St. Joseph by
an ordinance in due form, authorized the defendants,
as receivers of the defendant railway company, to build
a track along an alley for a distance of four blocks. The
plaintiffs are some of the owners of property abutting
on the alley and by bill of injunction sought to restrain
the construction of such work until the damages alleged
to have accrued to them be first paid. The trial court,

143 App—41

among other findings of fact, found that the construction of the track and the use to be made of it, would not unreasonably interfere with the use of the alley by the public and the abutting property-owners; that the city did not exceed its powers in passing the ordinance; and that the defendants have a right to construct and operate the track in accordance with the ordinance, *"provided the damages are first ascertained and paid as required by law."* The court then entered a decree enjoining defendants from interfering with the surface of the alley by laying the track "until they should have proceeded according to law to have ascertained and paid the damages to private property by reason of the change caused by grading said alley and also by building and operating said track."

In determining this case it is not necessary to say whether the work done by defendants and proposed to be done by them in laying and establishing a railway track in the alley upon which the complainants' property abuts, will damage them in a legal sense. The question is, is it unlawful to construct such track before first proceeding to have the damages assessed and paid? If this were a taking of property, undoubtedly defendants could be prevented from taking it until the damages for the taking were first ascertained and paid in the mode required by law. But this is not the taking of plaintiffs' property. There is no right of eminent domain being exercised against them or either of them. Defendants are merely seeking to do that with public property (the alley) which, it is said, will injure or damage plaintiffs' private property. If it does, they will be liable to an action for such damages, but it is no ground for injunction. The question was recently decided by the Supreme Court in Clemens v. Insurance Co., 184 Mo. 46, after a thorough examination, as evidenced by an opinion by Judge GANTT, of such clear and comprehensive character as to leave nothing fur-

ther to be said on the subject. We content ourselves with reference thereto as supporting our conclusion that the judgment must be reversed. All concur.